# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JEREMY LAMOND CHANDLER                                PLAINTIFF

V.                           No. 3:23-CV-1-DPM-JTR

PATRICIA MARSHALL,
Jail Administrator, Poinsett County;
C. DOUGLAS, Assistant Jail Administrator,
Poinsett County; REGINA HINDMAN,
Lieutenant, Poinsett County Detention Center;
and SUSAN DUFFEL, Nurse,
Poinsett County Detention Center                       DEFENDANTS

## **INITIAL ORDER FOR *PRO SE* PRISONERS**

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. In particular, Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second: The Three Strikes Rule.** The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**Third: Service of Defendants.** It is your responsibility to identify all Defendants, including "John/Jane Doe" Defendants. The Court will order service on all properly identified Defendants if it determines that service is appropriate after screening your claims as required by 28 U.S.C. § 1915A.[1] However, you are responsible for providing sufficient identifying information and valid service addresses for each of them. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit.

**Service is not appropriate at this time.**

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a jury trial, however, a lawyer will be appointed to assist you.

**Fifth: Do Not File Discovery.** Discovery requests (such as interrogatories and requests for production of documents) and responses to discovery requests cannot be filed with the Court. Instead, you must mail discovery requests and responses directly to counsel for the Defendant. *See* Fed. R. Civ. P. 5(d). Do not mail discovery requests to Defendants' counsel until after he or she has filed an Answer or Motion to Dismiss.

**Sixth: Do Not Send Documents to the Court, Except in Two Situations.** You may send documents or other evidence to the Court only if: (1) it is attached to a Motion for Summary Judgment, or a Response thereto; or (2) the Court orders you to file documents or other evidence.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

**Seventh: Witnesses.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing your witness list, the Court will subpoena the necessary witnesses.

**Eighth: Filing Fee.** *Every civil case filed by a prisoner requires the plaintiff to pay a filing fee.* 28 U.S.C. § 1915. A $402 filing fee must be paid at the beginning of the lawsuit unless the plaintiff cannot afford to pay the entire fee at once. If you cannot afford to pay the filing fee in a lump sum, you may file a motion to proceed *in forma pauperis* ("IFP Motion").

You have recently submitted a Notice indicating that you have been released from incarceration and are residing at a private residence in Marked Tree, Arkansas. *Doc. 3*. Accordingly, your IFP Motion (*Doc. 1*), submitted based on your incarcerated status, is DENIED, as moot.

If you wish to continue pursuing this lawsuit, you must file a free-world IFP Motion or pay the $402 filing fee for this action.

IT IS THEREFORE ORDERED THAT:

1. Chandler's IFP Motion (*Doc. 1*) is DENIED, as moot.

2. The Clerk is directed to mail Chandler a free-world Application to Proceed *In Forma Pauperis*.

3. If Chandler wishes to continue pursuing this lawsuit, then, **by April 7, 2023**, he must either: (a) file a completed free-world Application to Proceed *In Forma Pauperis;* or (b) pay the $402 filing fee for this action. If he does not comply with this Order, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 8th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE